## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RODNEY HUNTER,                     )
                                   )
                    Petitioner,    )
v.                                 )          Case No. CIV-09-567-F
                                   )
JUSTIN JONES,                      )
                                   )
                    Respondent.    )

## REPORT AND RECOMMENDATION

Petitioner, Rodney Hunter, appearing *pro se*, has filed a petition for habeas corpus

relief pursuant to 28 U.S.C. § 2254 [Doc. #1] challenging the constitutionality of his state

court conviction. The Attorney General of the State of Oklahoma has filed a Response [Doc.

#7] on behalf of the Respondents[1] to which Petitioner has replied [Doc. #11]. It is

recommended that the petition for writ of habeas corpus be denied.

## I.    Relevant Case History and Facts of the Case

Petitioner is challenging his conviction in the District Court of Greer County, State

of Oklahoma, Case No. CF-2006-68, for Distribution of a Controlled Substance (Xanax) after

two or more prior felony convictions.

At the trial, the State's primary witness, Christopher Rush, testified that in 2005, he

was working at a convenience store in Mangum, Oklahoma. While Petitioner was in the

store, Rush asked Petitioner to provide him with some Xanax. Petitioner left and then

_____

[1]Petitioner is challenging a state court conviction for which he is not yet in custody. The proper respondents in this case are the officer who has current custody of Petitioner and the Attorney General for the State of Oklahoma. *See* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

returned some thirty or forty minutes later. Before Petitioner returned, however, Rush called Petitioner and told him that a highway patrol officer was in the store and to wait until the officer left. After the officer drove away, Rush left the store to smoke a cigarette outside. When Petitioner arrived at the convenience store and parked, Rush approached the driver's side of the vehicle and Petitioner handed him a cellophane package containing four Xanax, a prescription medication. According to Rush's testimony at Petitioner's trial, the patrol officer came back to the convenience store and asked Rush what Petitioner had handed him. Rush was arrested and charged with possession of a controlled dangerous substance and eventually entered a guilty plea. *See* Transcript of Jury Trial, Case No. CF-2006-68, District Court of Greer County, State of Oklahoma, Vol. II (TR II) at 165-175.

The State also introduced evidence, through the testimony of Michael Lynn Williams, that Petitioner had sold Williams methamphetamine in a controlled buy orchestrated by a drug task force. *See* TR II at 240-255. Petitioner had been convicted in the District Court of Greer County, Case No. CF-2006-58, on charges arising from the sale of methamphetamine to Williams. The sale of methamphetamine actually took place after Petitioner had given the Xanax to Rush, but as the State noted in its closing argument, Petitioner had been convicted of distributing methamphetamine before he was tried on the charges stemming from his distribution of Xanax to Rush. TR II at 275.

Petitioner was convicted and sentenced to twenty years' imprisonment for the distribution of Xanax to Rush. On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), Petitioner challenged the introduction of evidence of his former conviction for

2

distribution of methamphetamine during the first stage of the trial.[2]  Response, Exhibit 1 (Brief of Appellant).  Additionally, he challenged various errors allegedly made during the sentencing stage of his trial as well as the length of his sentence.   The OCCA found that the trial court had erred in allowing admission of the evidence of Petitioner's former conviction for distribution of methamphetamine during the first stage of the trial and also found other errors in the sentencing stage.  The OCCA affirmed Petitioner's conviction, but modified his sentence from twenty years to the minimum term of six years.[3]  *See* Response, Exhibit 3, (OCCA Opinion).

## II.     **Petitioner's Claim for Federal Habeas Relief**

In this action, Petitioner contends that he was denied a fair trial because the State was allowed to introduce prejudicial evidence of other crimes during the first stage of his trial. He contends that he is entitled to habeas relief because the OCCA failed to reverse his conviction.

---

[2]When a defendant is charged with a second or subsequent offense under Oklahoma law, information about the previous offenses is generally not presented to the jury during the guilt/innocence stage of the trial.  If the jury finds the defendant guilty, the portion of the indictment or information relating to the prior offenses is then read to the jury and evidence of prior offenses is admitted before the jury retires to consider sentencing.  *See* Okla. Stat. tit. 22, § 860.1.

[3]The OCCA determined that a six-year sentence is the minimum sentence available for Petitioner's crime after former felony convictions.  *See* Response, Exhibit 3 at 3.

## III. <u>Analysis</u>

On direct appeal to the OCCA, Petitioner argued that the evidence regarding his conviction on charges of distributing methamphetamine was introduced in violation of Oklahoma law which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

Okla. Stat. tit.12, § 2404(B).[4] *See* Response, Exhibit 1 at 5. The OCCA agreed, finding that the trial court erred in allowing the State to present evidence of Petitioner's prior conviction for distribution of methamphetamine during the first stage of Petitioner's trial:

> A fundamental legal principle is that a person should only be convicted by evidence of the crime with which he is charged. The State presented uncontroverted direct and circumstantial evidence of the charged crime. Given the strength of the evidence of the charged crime, no other crimes evidence was necessary to support the State's burden of proof, and the record does not support the State's claim that the evidence of the subsequent methamphetamine transaction and conviction was necessary to support the State's burden of proof.

Response, Exhibit 3 at 2. The OCCA further found that the "other crimes" evidence did not fall within any of the exceptions to inadmissibility listed in § 2404(B). *Id.* at 3-4.

Before this Court, Petitioner contends that he is entitled to habeas relief because the OCCA should have reversed his conviction instead of merely modifying his sentence.

---

[4]This rule's federal counterpart is Fed. R. Evid. 404(b).

The admissibility of evidence is a matter of state law. Generally, "federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence[.]" *Wilson v. Sirmons*, 536 F.3d 1064, 1101 (10th Cir. 2008) (internal citations and quotations omitted). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Therefore, unless the admission of the evidence violated a specific constitutional guarantee, "a federal court on habeas review will not disturb the state court's evidentiary ruling unless it was 'so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Wilson v. Sirmons*, 536 F.3d at 1101 (quoting *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (internal quotations and citation omitted)).

Petitioner does not contend that the OCCA lacked authority to modify his sentence.[5] Instead, Petitioner argues that consistent with the OCCA's own decision in *Blakely v. State*, 841 P.2d 1156 (Okla. Crim. App. 1992), he is entitled to a new trial. In *Blakely*, the OCCA determined that the trial court had erred in introducing evidence of the defendant's previous arrest for possession of crack cocaine in his subsequent trial for possession of crack cocaine. The prior arrest occurred when crack cocaine was found near the defendant while he was an employee of a club. The defendant's trial, however, arose from an incident in which a baggie containing crack cocaine was found in a vehicle the defendant was driving. The OCCA held: "Under the circumstances of this case we can reach no other conclusion except that the jury

---

[5]Under Oklahoma law, the OCCA "may reverse, affirm or modify the judgment or sentence appealed from, and may, if necessary or proper, order a new trial or resentencing." Okla. Stat. tit. 22 § 1066 (2001).

used this inadmissible evidence to determine guilt. The finding of guilt based on inadmissible evidence requires that we remand this case for retrial." *Id.* at 1159.

In this case, however, the OCCA reached a different conclusion. The OCCA's finding that "the strength of the evidence of the charged crime" was sufficient to support the State's burden of proof without the introduction of other crimes evidence is in essence a finding – supported by the trial record – that the properly introduced evidence during the first stage of Petitioner's trial was sufficient to support his conviction. *See* Response, Exhibit 3 at 2. A review of the trial transcript reveals that the evidence against Petitioner included the direct testimony of the recipient of the Xanax that Petitioner was convicted of distributing. The OCCA's implicit finding that the evidence was sufficient to support Petitioner's conviction is neither contrary to, nor an unreasonable application of Supreme Court law.[6] The introduction of the other crimes evidence did not determine the outcome of the jury's finding of guilt in light of the strength of the other evidence, and the OCCA modified Petitioner's sentence to the minimum sentence. Petitioner was not, therefore, denied the fundamental fairness that is the essence of due process.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

---

[6] "Under Supreme Court precedent, sufficient evidence exists to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Matthews v. Workman*, 571 F.3d 1065, 1073 (10th Cir. 2009) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by December ___21st___, 2009. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this ___30th___ day of November, 2009.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE